JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.

**J. W. JONES**

v.

**UNITED STATES.**

No. 10-58.

United States Court of Claims.
July 15, 1959.

George F. Henry, Jr., Starkville, Miss., for plaintiff.

Kenneth H. Masters, Washington, D. C., with whom was Asst. Atty. Gen. Perry W. Morton, Washington, D. C., for defendant.

WHITAKER, Judge.

Plaintiff sues to recover just compensation for the taking of twelve acres of his land. He alleges that in the construction of a road along the historic Natchez Trace Parkway, running from Nashville, Tennessee, to Natchez, Mississippi, the defendant diverted the natural flow of the surface water, with the result that plaintiff's cultivated field bordering the parkway was inundated and eroded.

Plaintiff's land is located in Webster County, Mississippi, and is bisected by the Natchez Trace Parkway, created by an act of Congress on May 18, 1938, and administered by the National Park Service. Due to the nature of the topography, it was necessary to construct the parkway road on an earthen embankment approximately six feet in height. In order to take care of the natural drainage of the adjacent lands, which was from the northeast to the southwest, the defendant placed large culverts beneath the parkway and also beneath a small service road to the east, which runs parallel to the parkway at this point. One of these culverts was directly adjacent to the twelve acres in question. This culvert carried the water which drained from the east through another large culvert located under the parkway.

These culverts were installed at points determined by the defendant to be the lowest points at which the natural drainage would cross the parkway and the service road in this immediate vicinity. From the culverts the water emptied into an old slough to the east of plaintiff's land alleged to have been damaged, which defendant widened and deepened.

Plaintiff's land is bottom land and poorly drained. Moore's Creek meanders through it and empties into Big Black River immediately west of plaintiff's land. The topsoil on plaintiff's land is about three feet thick, but is underlaid by impervious clay. Neither the creek nor the river is able to promptly carry off the rainfall. As a result, in periods of heavy rainfall the water stands on the land, and the soil in some years remains soaked for long periods of time.

The standing water comes from several sources, from rain falling directly upon the land, from surface water discharged upon the field through the culverts, from the overflow from Moore's Creek to the west, and surface water draining from the land to the north.

Plaintiff was unable to prove that defendant's location of the culverts changed the course or increased the natural drainage from the east. However, the defendant, by the use of culverts, concentrated the surface water from the east so that it emptied on plaintiff's land at one point rather than many. This concentration caused the water to be discharged at a higher velocity than before, and caused it to stand at a greater depth than before. The old slough which defendant widened and deepened, and which plaintiff further widened and deepened, can-

not carry the water flowing out of the culverts during periods of heavy rainfall; and, consequently, the overflow has eroded about eight inches of topsoil in an area approximately 75 feet long and 50 feet wide within the 12-acre tract in question. The concentration of the drainage from the east through these culverts has directly contributed to this erosion, and has decreased the value of plaintiff's land, for which plaintiff is entitled to recover. Cotton Land Company v. United States, 76 F.Supp. 232, 109 Ct.Cl. 816.

The trial commissioner, from a review of the evidence as a whole, found that the market value of plaintiff's farm has been reduced by the sum of $600 as a result of defendant's action. We concur in this finding.

Judgment will be entered in plaintiff's favor in this amount, plus 4 per cent thereon from the date of taking on December 13, 1956, to the date of payment, with the right in the defendant to continue to discharge natural drainage waters through the culverts under the parkway road and the service road to the east and onto plaintiff's twelve-acre tract.

It is so ordered.

JONES, Chief Judge, and LITTLETON, (Retired), LARAMORE and MADDEN, Judges, concur.